## GRANGE TRUST CO. OF HUNTINGDON, PA., v. AMERICAN SURETY CO. OF NEW YORK.

Circuit Court of Appeals, Third Circuit. January 9, 1930.

No. 3987.

Ellis L. Orvis, of Bellefonte, Pa., and James S. Woods, of Huntingdon, Pa., for appellant.

John T. Olmsted, of Harrisburg, Pa., for appellee.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and FAKE, District Judge.

FAKE, District Judge. This appeal is founded upon a judgment entered in favor of the defendant on an affidavit of defense in lieu of demurrer, filed in conformity with section 20 of the Pennsylvania Practice Act of May 14, 1915 (P. L. 486; Pa. St. 1920, § 17200).

The American Surety Company issued to the Grange Trust Company a policy known as a bankers' blanket forgery and alteration policy, and thereafter the trust company suffered a loss arising out of a nonnegotiable note on which it is admitted a name was forged. An examination of the note discloses two signatures on the face thereof, to wit, Leon G. Myers and J. L. Westbrook, one above the other, at the end of the note, and at places thereon where it is the common practice for makers to sign. The note had the word "seal" printed in three places provided for makers' signatures, one of which is left

blank, while the other two bear the above names; that of J. L. Westbrook, the second name, being a forgery. There are no signatures on the back of the note.

The plaintiff's statement filed below, alleges, among other things, that the note purports "to be signed by Leon G. Myers and endorsed by J. L. Westbrook, as bail or endorser for the said Leon G. Myers." Copies of the note and policy of insurance are made part of the statement. The affidavit of defense recites, and an examination of the policy discloses, that, under the terms of the policy, the liability of the defendant is limited to cover loss occasioned by the payment of a promissory note upon which the signature of any indorser shall have been forged, and in the event of the forgery of a maker's signature the policy is limited to cover only instances where such forgery is that of the signature of a depositor. It does not appear that J. L. Westbrook was a depositor of the trust company, and therefore the issue here is confined to the question as to whether or not the name J. L. Westbrook appears as an indorser. The issue being raised on the pleadings, we are limited by the record in arriving at a conclusion.

While it is true that the affidavit admits certain facts, it does not admit such facts as are not sufficiently or well pleaded. Volume 1, Chitty on Pleading (7th Amer. Ed.) 700; Stephen on Pleading (Heard) 143; Beatty v. Heiner (D. C.) 10 F.(2d) 390; Hubbard et al. v. Lowe (D. C.) 226 F. 135.

There is no ambiguity about the note. It is the common form of judgment note used in Pennsylvania, and, in the absence of parol evidence, the names appended thereto appear as joint makers on the lines specially provided with seals for that purpose. It therefore follows that the allegation contained in plaintiff's statement, to the effect that J. L. Westbrook is an indorser, constitutes a fatal variance between the statement and the document on which the suit is founded, unless it may be said that the allegation in the statement is sufficiently pleaded. Its sufficiency depends upon whether or not the allegation constitutes a conclusion of law dependant upon facts dehors the record. 31 Cyc. 299; Douglass v. Beam, 2 Bin. (Pa.) 76. Certainly there is nothing on the note itself upon which it may be maintained that the name J. L. Westbrook appears as an indorser. To reason otherwise would do violence to the physical evidence before us. There is no allegation of fraud, accident, or mistake as between the parties to this suit, nor is such alleged between the plaintiff and any one else appearing on the paper. In the absence, therefore, of fraud, accident, mistake, or ambiguity, parol evidence to alter the meaning of the note is inadmissible; hence the allegation is defective, and its truth is not admitted by the affidavit in lieu of demurrer.

Appellant's contention therefore fails. The opinion of the court below deals exhaustively with the questions raised here, and we concur in the views expressed in that opinion.

The judgment below is affirmed.